Labatjve, J.
On the 15th of September, 1858, the plaintiffs obtained judgment against the defendants, W. T. Hancock & Co., for $631 78, with eight per cent, per annum, from the 30th of March, 1858, which, on appeal, was affirmed by this Court. On the 20th of August, 1859, a fieri facias was issued, and put in the hands of the sheriff, who, through his deputy, made the following return upon it:
“I certify that I received this writ on or about the 20th of August, 1859, and the defendants, having no property out of which I could cause *467 to be made the amount of money in this suit; and the plaintiffs and their attorneys, failing to show or point out property, I hereby return this writ of fieri facias not satisfied, the return-day having long since expired,.
(Signed) “O. O. Nowell, Deputy Sheriff.”
“Filed January 17th, 1860.”
On the 20th of May, 1861, plaintiffs took a rule on Austin Miller, administrator of the succession of L. F. Steele, the sheriff, then deceased, to show cause why the said succession should not pay said judgment, because of the neglect of said sheriff, to return the said writ of fieri facias within the legal delay. •
On the 22d of March, 1862, plaintiffs amended their rule, and extended it to Bobert T. Stinson and Austin Martin, as sureties of said sheriff.
Austin Miller, having died, the rule was revived against Mattie Steele, surviving widow of Steele, and administratrix of his succession.
The principal defence is, that the defendants in execution were notoriously insolvent at the date of the issuance of said fieri facias, to the knowledge of plaintiffs’ counsel, etc.
Judgment was rendered against plaintiffs, and they appealed.
This case must be tested under the following statute:
“That all writs of fieri facias, issued by the clerks of the several Courts throughout this State, shall be made returnable by them in not less than thirty days nor more than seventy days. It shall be the duty of each of the sheriffs of the different parishes in this State, to return all writs directed to them, into the clerk’s office from which they issued, on or before the return-day mentioned therein, and also to pay over any moneys received thereon to the party entitled to the same, or their attorneys; and in default of any of the duties imposed on him in this section, he shall become liable to the party entitled to the benefit of the writ for the full amount specified therein, which shall be recovered, on motion, before the District Court in the parish in which said sheriff resides, after ten days’ notice.” Bevised Statutes, p. 527, <S 2.
The sheriff’s return does not show that he ever called, either on the defendants in execution or on the plaintiffs, to point out property as indicated in Arts. 726 and 727 of the Code of Practióe. The sheriff, on the face of his return, shows his responsibility under the law; although, the defendants in execution were insolvent, this did not dispense the sheriff from calling on the plaintiffs to show property; the judgment debtors might have been insolvent, and yet have had property which could be seized and sold to satisfy the execution. The seizure of property gives a privilege to the seizing creditor.
The liability of the sheriff, being prima facie established on the face of his return, it was incumbent on him, in order to avoid responsibility for the amount of the writ, to show a legal excuse, and the plaintiffs were not bound to prove that they had been damaged, notwithstanding the insolvency of the defendants in execution.
We are of opinion that the sheriff made himself liable, and that the defendants in the rule have failed to show a legal excuse. 11 An. 273. 12 An. 419. 13 An. 153, 329.
It is therefore ordered and decreed, that the judgment of the District Court be annulled and avoided; it is further ordered and decreed, that *468 the rule be made absolute, and that the defendants in the rule pay in solido to the plaintiffs, Taylor, Knapp & Co., the sum of six hundred and thirty-one dollars and seventy-eight cents, with interest at eight percent, per annum, from the 30th of March, 1858, till paid, and costs of suit in both courts.